IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40668
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK DORA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CR-70-ALL
- - - - - - - - - -

April 7, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Patrick Dora appeals his conviction and sentence for possession with intent to distribute and distribution of cocaine base. Dora contends that the Government did not produce sufficient evidence, the district court erred by admitting evidence of a prior offense involving possession of cocaine, the district court erred by admitting audio tape evidence, the district court erred in determining that he was not entitled to the safety-valve provision of U.S.S.G. § 5C1.2, and the district

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in determining the amount of cocaine base attributable to him as relevant conduct.

The evidence was not insufficient. *See United States v. Gonzalez*, 491 F.2d 1202, 1207 (5th Cir. 1974)(criminal conviction may stand when based solely on uncorroborated testimony of informant)*; see United States v. Osum*, 943 F.2d 1394, 1405 (5th Cir. 1991)(uncorroborated-testimony rule applies even if the witness testified pursuant to a plea agreement).

The district court did not abuse its discretion by admitting evidence of Dora's prior drug possession. *See United States v. Cheramie*, 51 F.3d 538, 541-42 (5th Cir. 1995)(evidence of prior drug offense was relevant to show defendant's knowledge and intent and was not more prejudicial than probative). The district court did not abuse its discretion by admitting the tape recordings into evidence. *See United States v. Singh*, 922 F.2d 1169, 1174 (5th Cir. 1991).

The district court's decision to deny Dora the "safety-valve" reduction was not clearly erroneous. *See United States v. Torres*, 114 F.3d 520, 527 (5th Cir.), *cert. denied*, 118 S. Ct. 316 (1997).

There "is no separate statute of limitations beyond which relevant conduct becomes irrelevant." *United States v. Moore*, 927 F.2d 825, 828 (5th cir. 1991). Dora has not presented any evidence to show that the district court's determination of his relevant conduct was clearly erroneous. *See United States v. Angulo*, 927 F.2d 202, 205 (5th Cir. 1991)(appellant bears burden

of showing that information in the PSR is "materially untrue, inaccurate or unreliable").

AFFIRMED.